The Honorable Vic Snyder State Senator 324 South Valmar Little Rock, Arkansas 72205
Dear Senator Snyder:
This is in response to your request for an opinion on whether the disparity between the amount of retirement benefits received, under the Arkansas Public Employees' Retirement System, by a retired county judge on the one hand and a retired county employee on the other, both of whom are assumed to have earned the same amount and worked for the county for the same number of years, is unconstitutional under state or federal law.
In my opinion, the answer to your question is "no."
It appears that the disparity in retirement benefits arises under A.C.A. § 24-4-734 and other statutes providing for different treatment of "elected county constitutional officers" as opposed to other county employees. Your request does not indicate which, if any, constitutional provisions you believe may be implicated. Because, however, the fact situation underlying your question involves disparate treatment of persons who are similarly (though not identically) situated, I assume your concern is primarily that the disparity could constitute a denial of equal protection of the laws to county employees who are not elected officials. It is my opinion that, under existing precedent, the disparity would not be held to be a denial of equal protection.
Statutes creating disparities in retirement benefits are scrutinized under the rational basis test. United States R.R. Retirement Bd. v.Fritz, 449 U.S. 166 (1980); Hall v. Board of Trustees of Ark. Pub.Retirement Sys., 671 F.2d 269 (8th Cir. 1982), cert. den., 459 U.S. 822
(1982); cf. Streight v. Ragland, 280 Ark. 206, 655 S.W.2d 459 (1983) (applying the rational basis test to a statute creating a tax exemption that directly affected the real value of retirement benefits), and Cityof Piggott v. Woodard, 261 Ark. 406, 549 S.W.2d 278 (1977) (applying the rational basis test to statutes having the effect of granting greater benefits at retirement to police officers than to other municipal employees).
Under the rational basis test, a statute will be upheld if the court can identify any legitimate governmental purpose that might be served by the statute and can perceive any rational relationship between the classification created by the statute and the achievement of that purpose. United States R.R. Retirement Bd. v. Fritz, supra; ArkansasHospital Assoc. v. State Board of Pharmacy, 297 Ark. 454, 763 S.W.2d 73
(1989). The court need not identify the actual purpose of the classification, but only a reasonably plausible one. United States R.R.Retirement Bd. v. Fritz, supra; Reed v. Glover, 319 Ark. 16,889 S.W.2d 729 (1994).
In this instance, it appears reasonably plausible that the legislature may have desired to encourage qualified individuals to run for elected county constitutional offices, and to encourage experienced elected county constitutional officers to run for reelection and stay in office. The encouragement of qualified and experienced individuals to enter and stay in elected local public service certainly is a legitimate governmental purpose of the state, and the provision of more generous retirement benefits to elected county constitutional officers is, in my opinion, reasonably related to the achievement of that purpose. It seems equally plausible that the legislature determined that such heightened incentives were not needed in order to attract and retain qualified and experienced individuals in non-elective county positions. Perhaps that determination was based on a perception that, due to the fact that county constitutional officers must periodically stand for election and reelection, elected officials have less job security than other county employees. One may disagree with such a determination, but the courts will not evaluate the wisdom of legislation if the legislation is "rationally related to achieving any legitimate objective of state government under any reasonably conceivable state of facts." Streight v.Ragland, supra, 280 Ark. at 214 (emphasis in original).
As noted above, your request does not indicate any provision of the Constitution of the United States or Arkansas under which you believe the disparity may be prohibited. I cannot, in the context of an opinion and without any such indication, offer you a blanket assurance that the disparity does not run afoul of any constitutional provision. I would point out, however, that the courts will presume a statute is constitutional, and place upon the attacking party the burden of proving otherwise. All doubts will be resolved in favor of constitutionality, and where a constitutional construction is possible, a court will uphold the statute. Reed v. Glover, supra.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General J. Madison Barker.
Sincerely,
WINSTON BRYANT Attorney General
WB:JMB/cyh